TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jenice Ducos

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Jenice Ducos,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Hello Digit, Inc.,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>　**1. THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jenice Ducos (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Hello Digit, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Wesley Chapel, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in San Francisco, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. The TCPA regulates, among other things, the use of automatic telephone dialing systems ("ATDS").

7. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called or an emergency purpose.

8. 47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

9. According to the Federal Communications Commission ("FCC"), an ATDS "encompass[es] any equipment that stores telephone numbers in a database and dials them without human intervention." *Nunes v. Twitter, Inc.*, No. 14-cv-02843-VC, 2014 WL 6708465, at *1 (N.D. Cal. Nov. 26, 2014); *Fields v. Mobile Messengers Am., Inc.*, No. 12-cv-05160-WHA, 2013 WL 6774076, at *3 (N.D. Cal. Dec. 23, 2013) (concluding there were genuine disputes of material fact regarding whether messages were sent using an ATDS where plaintiffs alleged that the equipment used functioned similarly to a predictive dialer in that it received numbers from a computer database and dialed those numbers without human intervention.").

10. "Human intervention" means significant human involvement in the dialing of a number, and any human involvement with phone number compilation is irrelevant. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02–278, Report and Order, 18 FCC Rcd.

14014, ¶ 132 (2003) ("2003 FCC Order") ("The basic function of [ATDS], however, has not changed—the capacity to dial numbers without human intervention." (emphasis added and omitted)); *Moore v. Dish Network L.L.C.*, 57 F. Supp. 3d 639, 654 (N.D.W. Va. 2014) ("[I]t is irrelevant under the FCC's definition of a predictive dialer that humans are involved in the process of creating the lists that are entered into the Campaign Manager software.").

11. Moreover, the FCC has made clear that it is a system's capacity to dial randomly or sequentially that determines whether it is an ATDS, not its "present ability." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, FCC 15-72, at ¶ 15 (July 10, 2015) ("2015 FCC Order"); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) ("[T]he clear language of the TCPA 'mandates that the focus be on whether the equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.'" (quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009))). In other words, "even when the equipment presently lack[s] the necessary software, it nevertheless [may have] the requisite capacity to be an autodialer." 2015 FCC Order, at ¶ 16.

12. A piece of equipment can possess the requisite "capacity" to satisfy the statutory definition of "autodialer" even if, for example, it requires the addition of

software to actually perform the functions described in the definition. 2015 FCC Ruling, at ¶ 18.

13. The FCC has clarified that text messages qualify as "calls" under the TCPA

> We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the party is charged." This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service. 2003 FCC Order, at ¶ 165; *see Satterfield*, 569 F.3d at 953.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative, or employee.

15. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 813-XXX-5727 (hereafter "Number").

16. Within the last year, Defendant contacted Plaintiff by way of text messages sent to Plaintiff's Number.

17. Defendant placed text messages from number +1 (619) 724-5160, a number owned and operated by Defendant or one of its agents on its behalf.

18. The text messages were placed using an automatic telephone dialing system ("ATDS").

19. Defendant's text messages to Plaintiff were template-based. They were identical and consisted of a notification that Defendant lost its connection to Plaintiff's bank. The text messages read as follows:

> Hey Janice, it looks like I've lost connection to your bank. I won't be able to save or send checking updates until is fixed ☹ Click here to get me reconnected digit.co/fix

20. In an effort to stop the text messages, Plaintiff repeatedly replied to Defendant's text messages with "STOP."

21. However, Defendant did not stop. Defendant continued to send text messages to Plaintiff's cell phone despite her multiple requests that Defendant cease sending such text messages.

22. Defendant's text messages directly interfered with Plaintiff's right to peacefully enjoy a cell phone service that Plaintiff paid for, and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

23. The messages from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

26. FCC regulations promulgated under the TCPA specifically prohibit Defendant from using an ATDS and/or Robocalls to call Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(2).

27. FCC regulations promulgated under the TCPA require that Plaintiff's consent be pursuant to a written agreement, signed by the Plaintiff, which contains Plaintiff's unambiguous assent to receiving ATDS and/or Robocalls from Defendant. *See* 47 C.F.R. § 64.1200(f)(8).

28. Defendant sent automated text messages to Plaintiff's Number.

29. Defendant sent these automated text messages to Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had

Plaintiff's prior express consent to do so, or such consent was effectively revoked when Plaintiff requested that Defendant cease all further texts.

30. Defendant continued to willfully text Plaintiff's Number using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

31. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

32. Defendant's texts directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

33. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

34. As a result of each text sent in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

35. As a result of each text sent knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  February 11, 2021                    TRINETTE G. KENT

By:  __/s/  Trinette G. Kent__
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Jenice Ducos

COMPLAINT FOR DAMAGES